UNITED STATES *v.* COFOD CO. (No. 2466).[1]

CONSTRUCTION, PARAGRAPH 1402, TARIFF ACT OF 1922, AIDED BY CONTEXT—
BILLIARD CUES.

The provision of paragraph 1413, tariff act of 1922, for billiard balls, which would otherwise be included with the balls named in paragraph 1402, shows a congressional intention that billiard cues should not be classed with the clubs, rackets, and bats of the paragraph. The protest against their classification as manufactures of wood, under paragraph 410, should have been overruled.

United States Court of Customs Appeals, March 6, 1925

APPEAL from Board of United States General Appraisers, Abstract 47574

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Margaret M. Burnett,* special attorney, of counsel), for the United States.
*Sharretts, Coe & Hillis* for appellee.

[Oral argument Jan. 14, 1925, by Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The Government appeals from the judgment of the Board of General Appraisers sustaining the protest against the decision of the col-

[1] T. D. 40736.

lector, in which certain wooden billiard cues were assessed for duty at 33⅓ per cent under paragraph 410 of the act of 1922, as manufactures of wood.   Paragraph 410 reads as follows:

PAR. 410. Spring clothespins, 15 cents per gross; house or cabinet furniture wholly or in chief value of wood, wholly or partly finished, wood flour, and manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

The importer contends, and the board decided, that the goods in controversy should have been classified under paragraph 1402, which is as follows:

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem; ice and roller skates, and parts thereof, 20 per centum ad valorem.

The decision of the Board of General Appraisers seems to rest chiefly upon the consideration expressed in the following sentences:

It is evident on a mere casual reading of paragraph 1402 that in framing it the congressional intent was to gather therein all kinds of sporting goods and articles used in all indoor and outdoor games or sport participated in by exercise, sport, amusement, or pastime.   We are unqualifiedly of the opinion that billiard cues fall within the provision for equipment used in any indoor game or sport, and as applied to such articles it is more specific than the provision in paragraph 410 for manufactures of wood.

That Congress intended to gather into paragraph 1402 a very great percentage of sporting goods and articles used in indoor and outdoor games, exercises, and sports is clear.   But we can not agree with the last part of the board's opinion quoted above.   Paragraph 1413 definitely singles out certain articles, including billiard, pool, and bagatelle balls, for a special duty.   If billiard balls had not been specifically provided for, it would have been proper to have classified them as "other balls" under paragraph 1402, and, in that instance, the wooden cues would have come under the same paragraph as equipment.

Since Congress clearly intended that billiard balls should not come under paragraph 1402 we can see no possible reason why it should have intended that wooden billiard cues should fall within the paragraph.   If billiard cues come within paragraph 1402, it is clear also that billiard tables and other equipment for billiards and pool should be included.   We think Congress did not intend that they should be included and that it, therefore, made special provision for billiard, pool, and bagatelle balls, which would take billiard cues and billiard equipment out of the sporting goods paragraph.

The judgment of the Board of General Appraisers is *reversed*.